HAAK *against* BREIDENBACH and another, executors of BREIDENBACH.

*Lancaster,*
*Saturday,*
*May 29.*

IN ERROR.

Short pleas are admissible only by consent. If either party requests his adversary to draw up his plea at large, and he refuses, it is good cause of special demurrer.

The office of a *scilicet* is to render something more certain,

THIS was a writ of error to the Common Pleas of Dauphin county.

It was argued fully in this Court, upon a variety of points on which no opinion was given. All that is material in the case will be collected from the opinion of the Chief Justice.

*Goodwin* and *Duncan* for the plaintiff in error.

*Elder* and *Hopkins* contra.

which was expressed in doubtful or general terms before. If instead of doing that, it contradicts or destroys what went before, it must be rejected altogether; *e. g.* an award that defendant shall pay 120*l.* in two years, *scilicet* in yearly payments of 30*l.* each, is to pay the whole sum in two years.

To debt upon an arbitration bond, the defendants pleaded no award and a recovery by the plaintiff

HAAK
v.
BREIDEN-
BACH
et al.

TILGHMAN C. J. This suit was commenced in the Court of Common Pleas of *Dauphin* county, by *Philip Breidenbach* against *Michael Haak.* The original plaintiff died after the commencement of the suit, and the now plaintiffs his executors were substituted in his place by virtue of an act of assembly providing for such cases. The pleadings are entered in short minutes, and I have found less difficulty in deciding the cause, than in understanding the record, which is confused to an extraordinary degree. It is an action of debt on an arbitration bond, dated 4th *August* 1786. The defendant pleaded; 1. No award. 2. That the arbitrators had misbehaved themselves in making the award. 3. Recovery by the plaintiffs for the same cause in another action on the case, in the Court of Common Pleas of *Dauphin* county. To the first plea the plaintiff replied an award which was set forth in *hæc verba*, and assigned for breach that the defendant had not paid the sum of 120*l.* mentioned in the award. To the second plea the plaintiff replied that the arbitrators had not misbehaved themselves, and to the third plea he replied, " that there was no recovery for the same cause." It is then stated in the record that there were "issues, and rule for trial." I presume from the judge's charge that issue was also joined on the plea of payment, with leave to give the special matter in evidence. It has always been the desire of this Court to support the judgments of the inferior Courts, which have been given after trial of the merits. In order to accomplish this, we consider the short entries of pleadings in the same light, as if they were formally drawn up, provided there is enough to shew the meaning of the parties. In the present case it is hard to say whether the plea of a former recovery, &c. was intended to be tried by Court or jury. In fact it seems to have been tried by both, first by the jury and afterwards by the Court. Both tribunals however agreed in deciding against the plea. The matter in dispute between the parties, is the damage done to the plaintiffs by the erection of a dam by the defendant on his own land, in consequence of which a stream of water was thrown back in such a manner as to overflow the plaintiff's land, and injure his bark mill and spring, &c. A former action had been brought, in which the plaintiff complained of the damage done by the erection of the dam on

tiff for the same cause in a former action. The award set out was of the 4th *August* 1786: and on the trial the defendants gave evidence of a recovery in a former suit, in which the declaration stated the same case, to wit, a nuisance to the plaintiff's bark mill, erected on the 10th *August* 1785, and continued to the 3d *November* 1788. The Court below held that this did not conclude the plaintiff from now giving evidence to shew, that upon the trial on the case, he gave no evidence of damage done during so much of the time laid in the Narr as was covered by the award, viz. from 10th of *August* 1785, to 4th of *August* 1786, and accordingly permitted him to give such evidence. At the same time they would not permit the defendants to shew that in the former suit, the plaintiff gave evidence of damages sustained during the whole term laid in the Narr. *Held,* that this was error.

the 10th day of *August* 1785, and the continuance of it until the 3d *November* 1788. The arbitration bond was founded on the same dispute. The defendant alleges, that the arbitrators gave damages for the same nuisance down to the 4th *August* 1786 so that the plaintiff if he succeeds in this action, will recover damages twice for the continuance of the nuisance from the 10th *August* 1785, to the 4th *August* 1786. The president of the Court of Common Pleas seems to have thought that this was the real point of dispute, and this he submitted to the jury as a matter of fact; for the Court suffered the defendant to give in evidence, the record of the former action under his plea of payment. The charge of the president is entered at large in the minutes, and that part which appears to me most material, for the decision of this cause, is in substance as follows. " It is " contended for the plaintiff that the suit of *November* 1788, " was not for the original matter which was determined by " the arbitrators, but for only a continuance of the nuisance " subsequently to the award, and for the damages sustained " by the plaintiffs after the date of it; that although the de- " claration states the erection of the nuisance on the 10th " *August* 1785, and 'the continuance of it from that period " to the time of purchasing the writ, yet that the actual claim " of the plaintiff, and the verdict rendered by the jury, did not " include damages for any injury sustained, previously to the " date of the award. We are decidedly of opinion, that, not- " withstanding the time stated in the declaration, the plaintiff " was at full liberty to give evidence of damages done during " part of the time laid, and the plaintiff's counsel contend " that in that case the plaintiff *did give evidence* of damages " sustained for a period, which did not overreach the date " of the award. If this were the case, of which you are to judge " from the facts adduced in testimony, then the plaintiff has " not received payment or satisfaction for any part of his " demand, and you will render a verdict for the amount " awarded, with interest from the date of it to this time."

It appears clearly from this part of the charge, that the jury were left to decide from the *facts given in evidence;* and it also appears, that when the defendant offered evidence to prove that in the former suit, the plaintiff gave evidence of damage sustained during the *whole time* laid in

the declaration, and that the verdict was given accordingly, the Court rejected the evidence; so that the plaintiff was permitted to give evidence to the same point on which the defendant's evidence was refused. This cannot be right. Either the record was the only admissible evidence of the proceedings in the former suit, or it was not. If it was, neither plaintiff nor defendant should have been permitted to go out of it. But at all events, what was permitted to one should have been permitted to the other. This alone is reason sufficient for reversing the judgment and ordering a *venire de novo.* It was said by the defendant's counsel on the argument, that the plaintiff gave no evidence to shew the time for which he recovered in the former suit. But I cannot reconcile this with the charge of the Court. There was another part of the president's charge complained of by the defendant. He gave his opinion that when the arbitrators awarded that the defendant should pay 120*l.* in two years, viz. in yearly payments of 30*l.* each, the true construction was that the whole sum should be paid in two years, and the matter contained in the *scilicet* rejected; whereas according to the defendant's construction, four years should be given for payment. But I think the charge was right. The business of a *scilicet* is to render something more clear or certain which was expressed in doubtful or general terms before. If instead of doing this it contradicts or destroys what went before, it must be rejected altogether.

I cannot forbear expressing my hope that before this action is brought to trial again, the pleadings, except the declaration, will by permission of the Court of Common Pleas be made *de novo,* and that they will be drawn up in form so as to leave no room to doubt what is their meaning. If the defendant intends to contest the validity of the award, his way is to plead *no award;* the plaintiff must then reply and set forth the award and breach, upon which the defendant must demur; short pleas ought not to be received but by consent. If either party requests his adversary to draw up his plea at large and it is refused, it will be good cause of demurrer, assigning the same specially for cause of demurrer. I am of opinion on the whole that the judgment should be reversed, and a *venire facias de novo* awarded.

BRACKENRIDGE J. concurred.

Judgment reversed.